

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP:DJL
F. #2018R00651

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 15, 2020

By ECF

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Piotr Skreczko
                 Criminal Docket No. 18-645 (PKC)

Dear Judge Chen:

      The government respectfully submits this letter in anticipation of the defendant's sentencing, scheduled for September 22, 2020 at 10:00 a.m.  On February 11, 2018, the defendant pleaded guilty pursuant to a plea agreement to Count Two of a two-count indictment, charging possession of child pornography, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).  For the reasons set forth below, the government respectfully requests that the Court sentence the defendant to a term of imprisonment within the U.S. Sentencing Guidelines ("U.S.S.G" or the "Guidelines") range of 51 to 63 months.  The government submits that such a sentence would be sufficient but not greater than necessary to comply with the sentencing scheme set forth in 18 U.S.C. § 3553(a).

      I.      Background

      The facts underlying the offense conduct in this case are set forth in the Presentence Investigation Report ("PSR") prepared by the United States Probation Department on April 17, 2020, to which the government has no objection.

      The defendant was arrested on November 1, 2018, following an investigation by the Federal Bureau of Investigation ("FBI").  Between December 12, 2017 and February 11, 2018, FBI agents observed a BitTorrent network user sharing child pornography.  (PSR at ¶ 8).  On February 11, 2018, an FBI agent working in an undercover capacity used a BitTorrent application to download one image and one video file depicting child pornography from the sharing client previously observed on the BitTorrent program.  (Id.).

Agents recorded the sharing-client's IP address, along with the date and time of the file transfer. (Id.). FBI agents later identified the sharing-client as the defendant. (Id.).

On April 6, 2018, FBI agents searched the defendant's residence pursuant to a search warrant. (PSR at ¶ 9). At that time, after being advised of his Miranda rights, the defendant agreed to speak with the FBI agents. (Id.). After initially denying that he downloaded child pornography, the defendant admitted to receiving and viewing child pornography. (Id.). The defendant stated that he tried to obtain images and video from "L.S. Models," but that his PayPal payment was denied and his account was subsequently closed. (Id.). The defendant also reported having "Kik" on his phone, a messaging application used to communicate with his niece (age 10 or 11) in Arizona and that he chatted online with strangers, claiming to be a minor. (Id.).

The FBI agents seized the defendant's Samsung Galaxy S7 cellphone and two desktop computer towers. (PSR at ¶ 10). Forensic analysis of the defendant's equipment revealed 1,667 images and 4 video files depicting child pornography and over 1,000 images of child erotica.[1] (Id.).

According to the PSR, the majority of the images and videos possessed by the defendant depict prepubescent girls posing unclothed with genitalia exposed, and/or engaged in sexual acts. (PSR at ¶ 11). The collection does not include depictions of infants or toddlers, or depictions of sadistic material. (Id.). The following is a summary of some of the images and videos from the defendant's collection, as described in the PSR:

- "A video depicting a naked prepubescent girl, approximately age 6, dancing on bed sheets. The camera focuses on her vagina, as she put her hand on her vagina and rubs her vagina as she dances. She turns away from the camera and puts her knees and hands on the bed sheets while the camera shows a close-up of her anus and vagina." (Id.).

- "A compilation of 16 photos depicting a naked prepubescent girl, approximately age 6, including close-up views of her anus and vagina." (Id.).

- "Numerous images depicting prepubescent girls performing oral sex on the erect penises of adult males." (Id.).

---

[1] Child erotica includes images that do not rise to the level of being pornographic in nature, but are of a sexual nature and/or used for purposes of sexual arousal, such as images of children fully clothed by posed provocatively.

2

II.      Guidelines Calculation

The defendant's Guidelines calculation is as follows:

| | | |
|---|---|---:|
| Base Offense Level (§ 2G2.2(a)(1)) | | 18 |
| Plus: | Material Involved a Prepubescent Minor or a Minor Who Had Not Attained the Age of 12 Years (§ 2G2.2(b)(2)) | +2 |
| Plus: | Defendant's Possession Resulted From Use of a Computer (§ 2G2.2(b)(6)) | +2 |
| Plus: | Offense Involved More Than 600 Images (§ 2G2.2(b)(7)(D)) | +5 |
| Less: | Acceptance of Responsibility | -3 |
| Total: | | __24__ |

Because the defendant's Criminal History Category is I, the applicable United States Sentencing Guidelines ("Guidelines") is 51 to 63 months' imprisonment.

III.      Appropriate Sentence

The nature of the offense to which the defendant has pleaded guilty is serious and warrants punishment. See 18 U.S.C. § 3553(a)(1). The defendant accessed child pornography and possessed videos and images of child pornography on his computer. Possession of videos and images, alone, fosters a market for more abuse. See, e.g., United States v. Gouse, 468 F. App'x 75, 78 (2d Cir. 2012) (affirming sentence where district court had "observed that, contrary to [the defendant's] contention, his crimes are not victimless because they create[] a market for child pornography and thus harm children, scarr[ing] [them] for life" (internal quotation marks omitted)); United States v. Miller, 594 F.3d 172, 189 (3d Cir. 2010) ("[P]ossession of even a small number of images of child pornography contributes to the victimization of children and creates a market for child abuse." (internal quotation marks omitted)).

"Child pornography harms and debases the most defenseless of our citizens. Both the State and Federal Governments have sought to suppress it for many years, only to find it proliferating through the new medium of the Internet." United States v. Williams, 553 U.S. 285, 307 (2008). "The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance," New York v. Ferber, 458 U.S.

747 (1982), and this interest extends to seeking to stamp out child pornography at all levels in the distribution chain, <u>Osborne v. Ohio</u>, 495 U.S. 103, 110 (1990). Effectuating that interest requires a substantial sentence in this case.

The government recognizes, however, that the defendant has no criminal history, supportive family members, and promptly accepted responsibility for his crime. Accordingly, a sentence within the Guidelines would reflect the seriousness of the defendant's conduct and provide adequate deterrence to others contemplating similar acts. See 18 U.S.C. § 3553(a)(1), (a)(2)(A), and (a)(2)(B).

IV. <u>Conclusion</u>

For the foregoing reasons, the government respectfully submits that a Guidelines sentence would be sufficient, but not greater than necessary, to accomplish the goals of sentencing.

Respectfully submitted,

SETH D. DuCHARME
Acting United States Attorney

By: /s/ David J. Lizmi
David J. Lizmi
Assistant U.S. Attorney
(718) 254-7010

cc: Clerk of the Court (PKC) (by ECF)
Michael Weil, Esq. (by ECF)
Jennifer Fisher, Probation Department (by email)

4